# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN  DIVISION


**BRITTNI TRECE SHEPHERD, ET AL.**                                        **PLAINTIFFS**


**VS.**                                  **CASE NO. 2:06CV00071 JMM**


**STOLLER ENTERPRISES, INC., ET AL.**                              **DEFENDANTS**


## ORDER

Pending are separate defendants  Nationwide Express, Inc.("Nationwide") (#54), Stoller

Enterprises, Inc. ("Stoller") (#59), National Zinc Processors, Inc. ("National") (#64), Global

Material Services ("Global"), Harold Smith, and Rickey Snowden's (#67) Motions for Summary

Judgment, and plaintiffs' responses.    For the reasons stated below, defendants' motions are

granted.

Plaintiffs relied upon the allegations in their complaint to establish material disputed

facts.   Conclusory allegations are insufficient to rebut a properly supported motion for summary

judgment.  *See* Fed. R. Civ. P. 56(e) and Local Rule 56.1(b).   The undisputed facts set forth

below are based upon defendants' properly supported motion for summary judgment and the

record before the Court.

I.  *Facts*

On November 3, 2000 a warehouse located in Helena-West Helena owned and operated

by one, or all, of the defendants was burning when an 18 wheeler tractor-trailer ("the truck")

owned by one, or all, of the defendants while on its way to the warehouse burst  into flames in south Helena-West Helena.    As a result of these fires, parts of Helena-West Helena were evacuated.

Plaintiffs brought a complaint alleging that defendants manufactured and transported zinc oxide which was an ultra hazardous activity and that this zinc oxide was involved in the  truck and warehouse fires in south Helena causing plaintiffs to be evacuated from their homes and business.  Plaintiffs contend that defendants were negligent in failing to properly maintain the chemicals while they were stored and that defendants actions were willful and wanton in disregard for the rights of the plaintiffs.

Plaintiffs claim that they were frightened and forced to expend money for food, clothing, and shelter while they were evacuated.  Plaintiffs also claim that they (1) lost profits from business and work; (2) experienced pain, suffering and mental anguish; and (3) sought medical treatment.  Plaintiffs sought punitive damages based upon defendants' alleged willful and wanton acts.

Plaintiffs' Amended Initial Disclosures filed on October 6, 2006 identified plaintiffs, Virginia Batts the Coordinator for the Office of Emergency Management for Phillips County, and Helena-West Helena Fire Chief Reginald Wilson as witnesses who would have discoverable information in support of their claims.

Plaintiffs' disclosures state that (1) they intended to testify as to their damages; (2) Batts, who is now deceased, would testify by deposition as to the response of emergency officials and the details of the evacuation; and (3) Wilson would testify concerning his conversations with the manufacturer of the zinc oxide and the Office of Emergency Services.

2

Batts' testimony is that she does not know anything about qualities of zinc oxide and that she saw a truck with a Nationwide Express, Inc. logo which was reported to be carrying zinc oxide explode.  Batts did not give any opinion or describe any acts or omission of agents or employees of any of the defendants that may have caused or contributed to the incident in question.

Wilson's testimony concerns his efforts to extinguish the fire at the warehouse and his communications with the manufacturer of the zinc oxide during these efforts.  He testified that he was told that the truck which exploded contained the same material as was in the warehouse, and that the truck was on its way to the warehouse when it exploded.  Wilson testified that he received information from various sources concerning the properties of zinc oxide.  Wilson testified that he ordered the evacuation based upon the truck explosion and the smouldering fire in the warehouse.

Plaintiffs' initial and amended disclosures do not identify any expert witness and they have not designated any expert witness to testify on their behalf at trial.

Plaintiff Shepherd's and Boyce's[1] responses to Nationwide's interrogatory concerning the factual basis supporting their claim of negligence is:

> Nationwide Express transported zinc oxide which was ultra hazardous and/or defective.  Nationwide is liable because of its acts of introducing the zinc oxide into the stream of commerce.  Nationwide knew or should have known that the zinc oxide was ultra hazardous or defective.

---

[1]Plaintiff Johnson failed to respond to defendants' Interrogatories and Requests for Production of Documents.  This failure to respond is the basis of Nationwide's Motion to Compel Separate Plaintiff Rogerline Johnson, Jr.'s Responses to Interrogatories and Requests for Production of Documents filed on December 8, 2006.   Plaintiffs' contention that the Motion to Compel is untimely is without merit.  The December 7, 2006 motions deadline applies to dispositive motions not motions concerning discovery issues.

Def. Nationwide Ex. 5 and 6.

In response to Nationwide's Request for Production No. 5, plaintiffs Shepherd and Boyce admitted that they have no documents supporting their claim of negligent acts or omissions of Nationwide or any of agents, or employees.   In response to Nationwide's Interrogatory No. 16, plaintiffs Shepherd admitted that he does not contend that Nationwide is strictly liable in tort for transporting zinc oxide.   In response to Interrogatory No. 17 and Request for Production of Documents No. 7, these plaintiffs stated they had no factual basis for their claim for punitive damages and that a request for documents supporting their claim for punitive damages was not applicable.

II.  *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds.  *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001);  Fed. R. Civ. P. 56.   The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact.   *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

Plaintiffs' case is based upon negligence.  To prevail on their claims, plaintiffs must prove that they have sustained damages, that defendants were negligent, and that defendant's negligence was a proximate cause of their damages. *See Kroger Co. v. Smith*, 93 Ark. App. 270

(2005).   Plaintiffs have presented a list of witnesses who can prove their damages.    However, they have presented no evidence that defendants' negligence caused the trailer carrying the zinc oxide to catch on fire or the warehouse containing zinc oxide to smoulder.

Negligence is a failure to do something which a reasonably careful person would do. *Id.* The fact that an accident occurred is not, of itself, evidence of negligence on the part of anyone. *See Mangrum v. Pigue*, 359 Ark. 373, 198 S.W.3d 496 (2004); Arkansas Model Jury Instruction-Civil 603.

Plaintiffs' damages are based upon the evacuation which was ordered by Wilson when the truck exploded at the same time the warehouse was smouldering.  There is no evidence that plaintiffs, Batts, or Wilson had direct  knowledge of exactly what was in the truck, what caused the truck to explode, or what caused the warehouse to smoulder.

To the extent that plaintiffs are contending that defendants were negligent because they caused a burning loaded truck to be driven to the warehouse, the evidence is that it was the fire department that directed the driver of the truck to bring it to the warehouse so they could fight the two fires at a central location.

Plaintiffs contends that the doctrine of *res ipsa loquitur* applies.  The Court cannot agree. In order for this theory of negligence to apply, the plaintiffs must establish that "the accident that caused the injury must be one that, in the ordinary course of things, would not occur if those having control and management of the instrumentality used proper care." *Sherwood Forest Mobile Home Park v. Champion Home*, 89 Ark. App. 1, 199 S.W.3d 707 (2004).    There is no evidence that in the ordinary course of events the fire or smouldering would not  have occurred if the defendants having control and management of the zinc oxide had used proper care.

5

Moreover, plaintiffs have failed to present any evidence that these defendants had exclusive control and management of the zinc oxide in the warehouse or the truck. *See Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000) ( presumption supplied by *res ipsa loquitur* is limited to situations where proof has been presented that defendants had exclusive control and management of the instrumentality causing injury).

II.  *Conclusion*

Because plaintiffs have disclosed no facts supporting their negligence claim, and that is their only claim, the Motions for Summary Judgment are granted.[2]   Judgment will be entered accordingly.   All pending motions are dismissed as moot.

IT IS SO ORDERED THIS  22  day of   January , 2007.

James M. Moody
United States District Court

---

[2]Plaintiffs contend that National's, Global's, Harold Smith's, and Rickey Snowden's Motions for Summary were untimely filed.   The Court finds that these motions were timely filed as they adopted Nationwide's timely filed Motion for Summary Judgment.  Plaintiffs did not  file a response to Stoller's Motion for Summary Judgment.